### GARVIN v. PETTEE *et al.*

1. Certain bank stock was sent to a bank in South Dakota under direction of S., plaintiff's alleged agent, with a draft attached, and with instructions to deliver to S. on payment of the draft. A third party paid the amount of the draft, but was refused possession of the stock unless he showed authority from S. to receive it. He later directed the bank to send the stock to S., in Denver, which it did. S. afterwards sold the stock to defendant, the latter having no knowledge of his alleged want of title. The stock never was in plaintiff's possession, and he had no bill of sale or written evidence of purchase, *Held*, that, even if S. was not jointly interested in the purchase, and legally authorized to sell the stock, he was an undisclosed agent having ostensible ownership, and defendant obtained title by his purchase.

2. In a suit to recover bank stock plaintiff's attorneys obtained an order requiring defendant's counsel to produce the stock for their inspection, but it appeared that it had been delivered to a bank outside of the state as collateral and could not be produced. The excuse was accepted by the trial court as sufficient. There was no testimony in the record concerning the recitals of the certificates or the indorsement thereon. *Held*, that no harm to plaintiff was shown by the exercise of the court's discretion in admitting defendant's testimony with reference to the certificate. ·

3. In a suit to recover bank stock, where the plaintiff on the trial demanded the production of a promissory note which defendant, claiming to be a purchaser for value, testified he gave a bank in order to obtain money to pay plaintiff's alleged agent for the stock, but the notice was inadequate as to time, and the note of slight importance, it was not an error to refuse to strike out from a deposition the statement that such note was given.

(Opinion filed December 31, 1901.)

Appeal from circuit court, Stanley county, HON., LORING E. GAFFY, Judge.

Action by Frank L. Garvin against F. A. Pettee and another. from a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*John F. Hughes* and *Albert Gunderson,* for appellant.

*Horner & Stewart,* for respondents.

FULLER, P. J.    Under a claim of absolute ownership plaintiff brought this action to recover the possession of a certificate of three shares of bank stock, which it is alleged the defendant Pettee wrongfully and surreptitiously obtained in the city of Denver, Colo., after the death of one Frank H. Smith, plaintiff's trustee, to whom the same had been sent from the city of Pierre pursuant to the advice of plaintiff's agent, through whom such stock, indorsed in blank,

had been purchased from an eastern owner. Answering the com-
plaint, the defendant Pettee, after admitting the death of Frank H.
Smith, denied that plaintiff is the owner of the stock, and concludes
his answer as follows: "That on or about the 11th day of June,
1898, he purchased from the said Frank H. Smith the three shares
of stock mentioned in plaintiff's complaint, and paid to the said
Smith the sum of $300 therefor; that at said time the said Smith
was in the possession of said stock, and was, to the best of the de-
fendant's knowledge, information, and belief, the owner and holder
thereof; that the said Smith delivered the said stock to this defend-
ant, and that this defendant is the owner and holder thereof." The
case was tried to the court without a jury, and plaintiff appeals
from a judgment in favor of the defendant Pettee and from an order
overruling a motion for a new trial.

Though controverted in some material particulars, the record
adequately sustains the following statement of facts made by coun-
sel for respondents: "The evidence adduced upon the trial shows
that the stock in question was sent, under direction of one F. H.
Smith, to the Pierre National Bank, of Pierre, by Chas. Green, Son,
Brainard & Co., of Waterville, New York, on the 19th day of April,
1898, with a draft for $300 upon said F. H. Smith thereto attached.
The letter of transmittal accompanying the stock and draft in-
structed the Pierre bank upon payment of the draft to deliver the
stock to F. H. Smith. It was received by the Pierre bank on April
26, 1898, and was held by it until the 13th day of May, 1898, when
one William Hayes came into the bank and paid the bank the sum
of $300, claiming to have authority from Smith to receive the stock.
P. F. McClure, the president of the Pierre bank, had received prior
to this time special instructions from Smith in regard to any stock
in the Stock Growers Bank that might come to the Pierre bank; and

consequently deferred giving William Hayes the stock until he showed some authority from Smith to receive it. This Hayes failed to do. Subsequently William Hayes instructed the Pierre bank to send the stock to Smith at Denver, Colo., and in accordance with such instructions the stock, with the draft for $300 thereto attached, was sent June 1, 1898, to F. H. Smith at Denver, Colo. On June 11, 1898, the said F. H. Smith, at Denver, Colo., with the stock in his possession, came to the place of business of the defendant and respondent Pettee, and offered him the stock for $300. Smith at the time showed the respondent the stock and draft attached. The respondent borrowed the money from the Colorado National Bank of Denver, Colo., and bought the stock of Smith, paying him the sum of $300 therefor, and Smith delivered him the stock June 11, 1898. At the time Smith offered the stock to respondent Pettee, and at the time respondent Pettee purchased it, he did not know and had not heard of any defenses, want of title in Smith, or any equity or equities outstanding against the stock. Respondent Pettee did not know the plaintiff, Garvin, and had never even heard of him until the commencement of this suit. The stock in suit has never been in the possession of the plaintiff or any of his agents, nor has he ever even seen the stock. Neither have his so-called agents John Hayes or William Hayes ever had the stock in their possession, nor have they ever seen the same. Neither has the plaintiff nor any of his agents ever had any bill of sale or any kind of writing evidencing any purchase or purported purchase of the stock." It is admitted that on the corporate books of the Stock Growers Bank at Fort Pierre the three shares in controversy stood in the name of Anna C. Bennett, and, without the declaration of the witness Mr. Hayes, that he was acting as agent of appellant, Garvin, the inference is irresistible that Smith was at least jointly interested in the

purchase and ownership of such shares, and had lawful authority to dispose of the same. Were we to assume that Smith was appellant's undisclosed agent, upon whom had been conferred the actual possession and ostensible ownership of an instrument intended to pass from hand to hand, respondent would still be entitled to invoke, the doctrine that an innocent purchaser for value obtains a title superior to that of a prior owner who has negligently made such deception practical., Mor. Priv. Corp. 190, and numerous cases there collated in support of the text. Five days before the case came on for hearing, appellant's attorneys, upon due notice, obtained an order of court requiring opposing counsel to produce the certificate of shares for their inspection, and, as such order was not complied with, they have always maintained that it was reversible error for the court to admit any of respondent's testimony with reference thereto. Respondent, a resident of Denver, Colo., not being personally present at the trial, testified by way of depositions, and it was conclusively shown that he had previously delivered the certificate to a certain bank in the state of New York, where the same was then held as collateral security for a loan, and could not be produced at the trial. The trial court having accepted as sufficient this excuse for failing to comply with its order, and there being no testimony in the record concerning the recitals of the certificate or the indorsement thereon, we are unable to see how appellant was prejudiced by such exercise of judicial discretion, and the assignment of error relating thereto is not sustainable.

For the first time at the trial counsel for appellant demanded the production of a certain promissory note, which respondent had testified that he gave to the Colorado National Bank for the purpose of obtaining money with which to pay Frank H. Smith for the stock, but as notice was inadequate as to time, and the note of

slight evidentiary importance, it was not erroneous to overrule a motion to strike from a deposition the statement that such note was given.

The conclusions of law are entirely consistent with ample findings of fact on every material issue, all of which are fairly sustained by competent testimony, and the judgment entered in accordance therewith is affirmed.